## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

PATRICK LEACH ){.}

                    Plaintiff        )      Civil Action No.

        vs.

DISTRICT BOARD OF TRUSTEES
OF PALM BEACH D/B/A PALM
BEACH STATE COLLEGE; and
CYNTHIA A. ARCHBOLD

                 Defendants

| Party | | |
|---|---|---|
| PATRICK LEACH | ) | |
| | ) | |
| Plaintiff | ) | Civil Action No. |
| | ) | |
| vs. | ) | |
| | ) | |
| DISTRICT BOARD OF TRUSTEES OF PALM BEACH D/B/A PALM BEACH STATE COLLEGE; and CYNTHIA A. ARCHBOLD | ) ) ) ) ) | |
| Defendants | ) ) | |

## COMPLAINT

COMES Now, Plaintiff PATRICK LEACH ("LEACH") by and through his undersigned counsel, and sues Defendants DISTRICT BOARD OF TRUSTEES OF PALM BEACH D/B/A PALM BEACH STATE COLLEGE ("PBSC") and CYNTHIA A. ARCHBOLD ("ARCHBOLD") and for his causes of action states the following:

### INTRODUCTION

1.  Plaintiff brings this action against PBSC to remedy intentional discrimination that Plaintiff suffered on the basis of his disability in violation of the Rehabilitation Act, 29, U.S.C. 705, et seq. and Title II and Title III of the Americans with Disabilities Act.

2.  Plaintiff brings this action against ARCHBOLD for intentional infliction of emotional distress and to remedy disclosure of private facts about the Plaintiff's disability.

**JURISDICTION AND VENUE**

3. This Court is vested with original jurisdiction and subject matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1331 and § 1343 based on Plaintiff's Federal law claims under the Rehabilitation Act, 29, U.S.C. 705, et seq. and Title II of the Americans with Disabilities Act, 42 U.S.C. §12131-12134.

4. ARCHBOLD's tortious conduct alleged herein is intertwined with the actions of PBSC and are so related that they form part of the same case or controversy therefore this Court has supplemental jurisdiction over those claims pursuant to 28 U.S.C. §1367.

5. Venue is proper in the Palm Beach Division of the Southern District of Florida, pursuant to 28 U.S.C. § 1391 and Rule 3.1 of the Local Rules of the United States District Court for the Southern District of Florida because the Defendant reside in Palm Beach County, Florida and the events and omissions giving rise to the claims occurred in Palm Beach County, Florida.

**PARTIES**

6. At all times material hereto, Plaintiff LEACH, was a qualified person with a disability.

7. At all times material hereto, Plaintiff LEACH was and still is a resident of Palm Beach County, Florida.

8. Defendant, DISTRICT BOARD OF TRUSTEES OF PALM BEACH D/B/A PALM BEACH STATE COLLEGE ("PBSC") is a political subdivision of the State of Florida doing business in Palm Beach County, Florida.

9. Upon information and belief, Defendant CYNTHIA A. ARCHBOLD is resident of Palm Beach County, Florida.

## FACTUAL ALLEGATIONS

10. At all times material hereto, LEACH was a student at PBSC.

11. Plaintiff LEACH has been diagnosed with Photophobia, an autoimmune disease by which he sustained trauma to his right eye and as a result his right eye is extremely sensitive to light, is required to wear protective sunglasses and has great difficulty reading, especially small fonts and lettering.  Plaintiff does not have a Left Eye and thus is total blind on the left side.

12. Plaintiff LEACH has a "disability" as that term is defined under 42 U.S.C. §12102 of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act of 1973.

13. PBSC is a recipient of federal financial assistance and is required to comply with Section 504 of the Rehabilitation Act of 1973 (the "Section 504") and the regulations propounded by the United States Department of Education under Section 504.

14. Upon information and belief, PBSC has signed and filed assurances of compliance with the Department of Education conditioning the receipt of federal financial assistance on continued compliance with Section 504.

15. PBSC is a "public entity" as that term is defined by 42 U.S.C. §12131 and is required to comply with Title II of the Americans with Disabilities Act (the "ADA") and regulations propounded by the United States Department of Justice under the ADA.

16. At all times material hereto, ARCHBOLD was an employee of PBSC.

17. At all times material hereto, ARCHBOLD was employed by PBSC as an adjunct instructor.

18. In the spring of 2016, PBSC employed ARCHBOLD to instruct a class titled College Composition 2, Course Number ENC 1102 which met on Mondays and Wednesdays from 6:30 pm to 8:15 pm in Room SS00205 on the campus of PBSC starting on February 1, 2016 and ending on May 6, 2016 (the "Class"), as more fully described by that certain syllabus (the "Syllabus") which is incorporated herein by reference, a true and correct copy of the Syllabus is attached hereto as Exhibit A.

19. Defendant ARCHBOLD instructed the Class.

20. Plaintiff LEACH was a student enrolled in the Class.

21. Before the Class began, on or about January 25, 2016, ARCHBOLD received a letter of notification from PBSC's Disability Support Services which: (i) notified her that LEACH was registered with the school's Disability Support Services; (ii) instructed ARCHBOLD that the contents of the letter regarding LEACH's disability be kept confidential; and (iii) notified ARCHBOLD that LEACH was permitted a note taker in her class, was permitted to wear tinted glasses and was permitted to take breaks to alleviate pain (the "DSS Letter"). A true and correct copy of the DSS Letter is incorporated herein by reference and attached hereto as Exhibit B.

22. On Wednesday February 24, 2016, during the Class in front of 20 or more students ARCHBOLD began a group activity in which divided the students into groups of three to write a short statement about the differences and similarities between two articles that were read in the previous class.

23. During the February 24, 2016 Class ARCHBOLD choose LEACH's group to go first and asked LEACH to read what the group wrote about the two articles.  ARCHBOLD challenged the nature of LEACH's disability in front of the other students by asking him to read by which the following dialog between Plaintiff and Defendant ARCHBOLD occurred:

   a.  LEACH responded to ARCHBOLD stating that he was unable and asked if his note taker, Deja Bethel, could read for him.

   b.  ARCHBOLD responded by saying "What?" which prompted LEACH to reply again that he was unable to read because his eyes were bothering him.

   c.  ARCHBOLD responded to this second reply by saying "wait… What?  I don't understand" which prompted Ms. Bethel to state that LEACH's eyes were bothering his and that she could read for him as she was assisting him.

   d.  ARCHBOLD responded to Ms. Bethel's comment is a shocked manner which prompted the other students in the class to stare at LEACH.

24. Moreover, during the Wednesday February 24, 2016 Class, ARCHBOLD questioned LEACH's group about having quotations included in their statement but made no such request of any other group.

25. As a result of the incident which occurred in the Wednesday February 24, 2016 Class LEACH felt humiliation and embarrassment.

26. On Monday February 29, 2016, ARCHBOLD again challenged LEACH to read aloud in class.

27. On Tuesday March 1, 2016, LEACH sent a formal complaint to Mrs. Jelecia Kirk, Campus Manager of DSS regarding the February 24, 2016 and February 29, 2016 incidents.  A true and correct copy of that certain letter is incorporated herein by reference and attached hereto as Exhibit C.

28. On Wednesday March 16, 2016 during the Class, ARCHBOLD requested LEACH to recite an essay which was typed in fine print.

29. During the Wednesday March 16, 2016 Class after Mr. LEACH did not read the essay as instructed, ARCHBOLD stated to LEACH:  "I am trying to give you an equal opportunity to participate in this class" in front of a giggling audience of students.

30. On Thursday March 17, 2016, LEACH sent a formal complaint to Mrs. Jelecia Kirk, Campus Manager of DSS regarding the March 16, 2016 incident.  A true and correct copy of that certain letter is incorporated herein by reference and attached hereto as Exhibit D.

31. Instead of disciplining ARCHBOLD for her conduct, PBSC removed LEACH from the course and enrolled him in an independent study course instead as evidence by that certain email from Regina M. Dilgen to LEACH sent on March 30, 2016 at 2:03 PM.  A true and correct copy of that certain email is incorporated herein by reference at attached hereto as Exhibit E.

32. LEACH has retained the undersigned counsel and has agreed to pay the firm a reasonable fee for their services.

**COUNT I – VIOLATION OF
SECTION 504 OF THE REHABILITATION ACT OF 1973
(AS TO DEFENDANT PBSC)**

33. The allegations of Paragraphs 1 through 32 are hereby re-alleged as if fully set forth herein.

34. Plaintiff LEACH has a physical impairment that substantially limits the major life activity of seeing therefore Plaintiff is an "individual with a disability" as defined under 29 U.S.C. § 705(20).

35. Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, and its implementing regulation, 34 C.F.R. § 104, et seq., require that no qualified individual with a disability, on the basis of that disability, be excluded from participation in, be denied the benefit of, or otherwise discriminated against in the services, programs, or activities which receive Federal financial assistance. 29 U.S. Code § 794(a) states in relevant part:

> *"(a)  Promulgation of rules and regulations*
> *No otherwise qualified individual with a disability in the United States, as defined in section 705(20) of this title, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service. The head of each such agency shall promulgate such regulations as may be necessary to carry out the amendments to this section made by the Rehabilitation, Comprehensive Services, and Developmental Disabilities Act of 1978. Copies of any proposed regulation shall be submitted to appropriate authorizing committees of the Congress, and such regulation may take effect no earlier than the thirtieth day after the date on which such regulation is so submitted to such committees."*

36. 29 U.S. Code § 794(b) defines "Program or Activity" "*means all of the operations of": (2)(A) a college, university, or other postsecondary institution, or a public system of higher education;. . ."*

37. Defendant PBSC'S Class taught by ARCHBOLD constitutes a "program or activity" as defined by 29 U.S. Code § 794(b).

38. The actions of ARCHBOLD in the Class, including but not limited to:   (i) on February 24, 2016 pretending to not know LEACH had a disability; and (ii) on March 16, 2016 requesting LEACH to read small typed words in front of the class when ARCHBOLD knew LEACH actually had a disability (See Exhibit A) constitute a "program or activity" as defined by 29 U.S. Code § 794(b).

39. The actions of ARCHBOLD as alleged herein were done during the scope of her employment with PBSC.

40. Defendant PBSC's subsequent action to remove Plaintiff LEACH from the Class and place him in an independent study course also constitutes a "program or activity" as defined by 29 U.S. Code § 794(b).

41. Moreover, Plaintiff alleges that the failure of PBSC to punish the actions of ARCHBOLD and instead exclude LEACH from the Class ratifies and condones the conduct of ARCHBOLD.

42. PBSC violated Section 504 by the conduct of ARCHBOLD who discriminated against the Plaintiff LEACH solely based on his disability by and through her actions on February 24, 2016 and March 16, 2016 as more fully described herein and more fully described by the Plaintiff in his correspondence to PBSC.  See Exhibits C and D.

43. PBSC violated Section 504 by removing LEACH from the Class thus excluding him from participating in that "program or activity".

44. By failing to provide LEACH the benefit of a reasonable accommodation which would have cost PBSC nothing, PBSC intentionally discriminated against LEACH on the basis of his disability in violation of Section 504.

45. As a result of PBSC's violations of Section 504, LEACH has been damaged which includes but is not limited to: significant pain, anguish and humiliation

WHEREFORE, Plaintiff demands judgment against Defendant PBSC for the following:

    a. Emotional and physical distress;

    b. Pain and suffering;

    c. Award Plaintiff's attorneys' fees pursuant to 29 U.S.C. § 794; and

    d. Whatever other and further relief this Court deems just and proper.

**COUNT II: VIOLATION OF**
**THE AMERICAN'S WITH DISABILITIES ACT TITLE II**
**(AS TO DEFENDANT PBSC)**

46. The allegations of Paragraphs 1 through 32 are hereby re-alleged as if fully set forth herein.

47. Plaintiff has a physical impairment that substantially limits the major life activity of seeing therefore Plaintiff is an individual with a disability under Title II of the Americans with Disabilities Act ("Title II"). See 42 U.S.C. § 12102(1).

48. PBSC is a "public entity" as that term is defined under 42 U.S.C. §12131(1) of Title II.

49. Plaintiff LEACH is a "qualified individual with a disability" as that term is defined under 42 U.S.C. §12131(2) of Title II.

50. 42 U.S.C. §12132 of Title II states as follows:

> *"Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."*

51. PBSC violated Title II by the conduct of ARCHBOLD who discriminated against the Plaintiff LEACH solely based on his disability by and through her actions on February 24, 2016 and March 16, 2016 as more fully described herein and more fully described by the Plaintiff in his correspondence to PBSC. See Exhibits C and D.

52. PBSC violated Title II by removing LEACH from the Class thus excluding him from participating in the "program or activity".

53. As a result of PBSC's violations of Title II, LEACH has been damaged which includes but is not limited to: significant pain, anguish and humiliation

WHEREFORE, Plaintiff demands judgment against Defendant PBSC for the following:

   a. Emotional and physical distress;

   b. Pain and suffering;

   c. Award Plaintiff's attorneys' fees pursuant to 29 U.S.C. § 794 (through 42 U.S. Code § 12133) and 28 CFR 36.505; and

   d. Whatever other and further relief this Court deems just and proper.

### COUNT III: VIOLATION OF
### THE AMERICAN'S WITH DISABILITIES ACT TITLE III
### (AS TO DEFENDANT PBSC)

54. The allegations of Paragraphs 1 through 32 are hereby re-alleged as if fully set forth herein.

55. Plaintiff has a physical impairment that substantially limits the major life activity of seeing therefore Plaintiff is an individual with a disability under Title III of the Americans with Disabilities Act ("Title III"). See 42 U.S.C. § 12102(1).

56. PBSC is a place of education and therefore is a place of public accommodation subject to Title III. See 42 U.S.C. § 12181(7)(J).

57. 42 U.S.C. § 12182(a) of Title III states in relevant part:

> *"No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."*

58. 42 U.S.C. § 12182(b)(1)(A)(i) of Title III defines discrimination to include:

> *"subject[ing] an individual or class of individuals on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, to a denial of the opportunity of the individual or class to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity."*

59. 42 U.S.C. § 12182(b)(1)(A)(iii) of Title III also defines discrimination to include:

> *"afford[ing] an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals."*

60. PBSC violated Title III by the conduct of ARCHBOLD who discriminated against the Plaintiff LEACH solely based on his disability by and through her actions on February 24, 2016 and March 16, 2016 as more fully described herein and more fully described by the Plaintiff in his correspondence to PBSC.  See Exhibits C and D.

61. PBSC violated Title III by removing LEACH from the Class thus excluding him from participating in the "program or activity" while permitting other students that do not suffer from LEACH's disability to fully participate in the Class.

62. PBSC violated Title III by removing LEACH from the Class instead of accommodating LEACH's disability.

63. As a result of PBSC's violations of Title III, LEACH has been damaged which includes but is not limited to: significant pain, anguish and humiliation

WHEREFORE, Plaintiff demands judgment against Defendant PBSC for the following:

    a.   injunctive relief, including an injunction ordering Defendant PBSC to (i) cease all discrimination against Plaintiff and other similarly situated persons; and (ii) promulgate and comply with policies and procedures to ensure that Defendant and its staff do not continue to discriminate against individuals with disabilities such as Plaintiff

    b.   award compensatory damages;

    c.   Award Plaintiff's attorneys' fees pursuant to 28 CFR 36.505; and

    d.   Whatever other and further relief this Court deems just and proper

## COUNT IV: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (AS TO DEFENDANT ARCHBOLD)

64. The allegations of Paragraphs 1 through 32 are hereby re-alleged as if fully set forth herein.

65. ARCHBOLD knew LEACH suffered from a disability before the Class began. See Exhibit A.

66. On Wednesday February 24, 2016, during the Class in front of 20 or more students ARCHBOLD intentionally or recklessly requested LEACH read aloud to his classmates when she knew of his disability and knew or should have known LEACH could not perform the requested task of reading and that emotional distress would likely result.

-12-

67. Furthermore, during the Wednesday February 24, 2016 Class, ARCHBOLD intentionally or recklessly responded to LEACH in such a manner as to force LEACH to disclose his disability to his classmates when ARCHBOLD knew or should have known that emotional distress would likely result.

68. On Monday February 29, 2016, ARCHBOLD again intentionally and recklessly requested LEACH to read aloud in class when ARCHBOLD knew of LEACH's disability and knew or should have known LEACH could not perform the requested task of reading and that emotional distress would likely result.

69. On Wednesday March 16, 2016 during the Class, ARCHBOLD intentionally and recklessly requested LEACH to recite an essay which was typed in fine print when ARCHBOLD knew of LEACH's disability and knew or should have known LEACH could not perform the requested task of reading and that emotional distress would likely result.

70. Furthermore, during the Wednesday March 16, 2016 Class after Mr. LEACH did not read the essay as instructed, ARCHBOLD intentionally and recklessly stated to LEACH: "I am trying to give you an equal opportunity to participate in this class" in front of a giggling audience of students when ARCHBOLD knew of LEACH's disability and knew or should have known LEACH could not perform the requested task of reading and that emotional distress would likely result.

71. The conduct of ARCHBOLD on February 24, 2016, February 29, 2016 and March 16, 2016 was outrageous to go beyond all bounds of decency and be regarded as odious and utterly intolerable in a civilized community.

72. The conduct of ARCHBOLD on February 24, 2016, February 29, 2016 and March 16, 2016 was willful, wanton, knowing and in reckless disregard of LEACH's rights.

73. The conduct of ARCHBOLD on February 24, 2016, February 29, 2016 and March 16, 2016 caused LEACH severe emotional distress.

74. The conduct of ARCHBOLD on February 24, 2016, February 29, 2016 and March 16, 2016 evidences express malice.

75. Furthermore, the conduct of ARCHBOLD on February 24, 2016, February 29, 2016 and March 16, 2016 demonstrates she acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

WHEREFORE, Plaintiff demands judgment against Defendant ARCHBOLD for the following:

      a.  Consequential damages;

      b.  Severe Emotional and physical distress;

      c.  Pain and suffering;

      d.  punitive damages, if permitted by a proper showing to the court; and

      e.  Whatever other and further relief this Court deems just and proper.

### COUNT V: INVASION OF PRIVACY –
### PUBLIC DISCLOSURE OF PRIVATE FACTS
### (AS TO DEFENDANT ARCHBOLD)

76. The allegations of Paragraphs 1 through 32 are hereby re-alleged as if fully set forth herein.

77. ARCHBOLD as the instructor for the Class was given private information from PBSC that LEACH suffered from a disability. See Exhibit A.

78. ARCHBOLD published the private fact of LEACH's disability to the Class by and through her conduct of ARCHBOLD on February 24, 2016, February 29, 2016 and March 16, 2016 as more precisely stated in the Factual Allegations re-alleged herein and as more precisely stated in the Plaintiff correspondence to PBSC. See Exhibit C and Exhibit D.

79. LEACH's disability is a private fact that he does not wish to disclose to the public.

80. LEACH's disability is a private fact that a reasonable person would find highly offensive if published.

81. LEACH's disability is a private fact that is not a legitimate concern to the public.

82. The conduct of ARCHBOLD on February 24, 2016, February 29, 2016 and March 16, 2016 evidences express malice.

83. Furthermore, the conduct of ARCHBOLD on February 24, 2016, February 29, 2016 and March 16, 2016 demonstrates she acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

WHEREFORE, Plaintiff demands judgment against Defendant ARCHBOLD for the following:

    a.  Consequential damages;

    b.  Severe Emotional and physical distress as a result of the disclosure of the private fact;

    c.  Pain and suffering as a result of the disclosure of the private fact;

    d.  punitive damages, if permitted by a proper showing to the court; and

    e.  Whatever other and further relief this Court deems just and proper.

## COUNT VI:  INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (AS TO DEFENDANT PBSC)

84. The allegations of Paragraphs 1 through 32 are hereby re-alleged as if fully set forth herein.

85. The allegations of Paragraphs 65 through 73 are hereby re-alleged as if fully set forth herein.

86. The actions of ARCHBOLD as alleged herein were done during the scope of her employment with PBSC.

87. Moreover, to the extent ARCHBOLD's actions as alleged herein were not done in the scope of her employment with PBSC, PBSC ratified and condoned the behavior of ARCHBOLD by and through its failure to punish the actions of ARCHBOLD and by and through its punishment of LEACH by excluding LEACH from the Class.

88. Furthermore, the conduct of ARCHBOLD on February 24, 2016, February 29, 2016 and March 16, 2016 demonstrates she <u>did not act</u> in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

WHEREFORE, Plaintiff demands judgment against Defendant PBSC for the following:

    a.  Consequential damages;

    b.  Severe Emotional and physical distress;

    c.  Pain and suffering; and

    d.  Whatever other and further relief this Court deems just and proper.

## COUNT VII: INVASION OF PRIVACY –
## PUBLIC DISCLOSURE OF PRIVATE FACTS
## (AS TO DEFENDANT PBSC)

89. The allegations of Paragraphs 1 through 32 are hereby re-alleged as if fully set forth herein.

90. The allegations of Paragraphs 77 through 81 are hereby re-alleged as if fully set forth herein.

91. The actions of ARCHBOLD as alleged herein were done during the scope of her employment with PBSC.

92. Moreover, to the extent ARCHBOLD's actions as alleged herein were not done in the scope of her employment with PBSC, PBSC ratified and condoned the behavior of ARCHBOLD by and through its failure to punish the actions of ARCHBOLD and by and through its punishment of LEACH by excluding LEACH from the Class.

93. Furthermore, the conduct of ARCHBOLD on February 24, 2016, February 29, 2016 and March 16, 2016 demonstrates she did not act in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

WHEREFORE, Plaintiff demands judgment against Defendant PBSC for the following:

    a. Consequential damages;

    b. Severe Emotional and physical distress as a result of the disclosure of the private fact;

    c. Pain and suffering as a result of the disclosure of the private fact;

    d.  punitive damages, if permitted by a proper showing to the court; and

    e.  Whatever other and further relief this Court deems just and proper.

### JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated this 2nd  day of May, 2016

Respectfully submitted,

/s/Neil Tygar
 Neil Bryan Tygar, P.A.
Counsel for Plaintiff
5341 W. Atlantic Ave. #303
Delray Beach, FL 33130
Tel:    561-455-0280 Ext. 11
Fax:    561-455-0281
Cell:  561-305-5214
ntygar@me.com

### VERIFICATION

Under penalty of perjury, I declare that I have read the foregoing complaint, and all the facts alleged therein are true and correct to the best of my knowledge and belief.

Executed on this ___2nd___ day of May, 2016.

Patrick Leach

-18-